UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT DEAN GRIFFIN JR,

    Plaintiff,

v.

RONALD FREDERICK,

    Defendant.

CASE NO. 3:17-CV-06083-RJB-DWC

ORDER

Plaintiff Robert Dean Griffin, Jr., proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983.[1] Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim but provides Plaintiff leave to file an amended pleading by February 21, 2018, to cure the deficiencies identified herein.

**I.    Background**

Plaintiff, who is housed at the Washington State Penitentiary, alleges his constitutional rights were violated when Defendant Ronald Frederick told Plaintiff the Indeterminate

---

[1] Plaintiff has also filed an Application to Proceed *In Forma Pauperis*. Dkt. 2. As it is unclear if Plaintiff will be able to cure the deficiencies of his Complaint, the Court declines to rule on the Application until after an amended complaint is filed.

Sentencing Review Board ("ISRB") did not have jurisdiction over Plaintiff's treatment in prison and instructed Plaintiff to address his concerns through the offender grievance program. Dkt. 1, p. 7. Plaintiff states ISRB decisions cannot be grieved. *Id.*

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping

conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Here, Plaintiff names Defendant Frederick as the sole defendant in this action. *See* Dkt. 1. Plaintiff fails to state Defendant Frederick's alleged wrong-doing. He fails to provide detailed information regarding what constitutional violations were allegedly violated and Defendant Frederick's involvement in the denial of constitutional rights. Therefore, Plaintiff has failed to adequately explain what actions or inactions by Defendant Frederick resulted the alleged constitutional violations. Plaintiff's vague and conclusory allegations are insufficient to show Defendant Frederick personally participated in an alleged constitutional violation. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

The Court notes, at most, Plaintiff appears to allege Defendant Frederick violated his constitutional rights by telling Plaintiff to address his concerns regarding his treatment in prison through the offender grievance program. *Id*. Plaintiff claims he could not grieve the ISRB decision. *Id*. Under *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), Plaintiff has no constitutional right to a prison grievance system. *See Riley v. Roach,* 572 Fed.Appx. 504, 507 (9th Cir. 2014) ("Inmates do not possess a constitutional right to a prison grievance system."). Because an inmate does not have a constitutional right to a grievance process, an allegation of a denial of access to the grievance process fails to state a claim. *Ramirez*, 334 at 860. As it appears Plaintiff is only alleging that Defendant Frederick misinformed him about his abilities to grieve the ISRB decision, Plaintiff has failed to state a claim upon which relief can be granted.

If Plaintiff wishes to pursue this § 1983 action, he must provide a short, plain statement explaining exactly what Defendant Frederick did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

**III.     Instruction to Plaintiff and the Clerk**

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before February 21, 2018, the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

1      The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

2 civil rights complaint and for service. The Clerk is further directed to send copies of this Order

3 and Pro Se Instruction Sheet to Plaintiff.

4      Dated this 22nd day of January, 2018.

David W. Christel
United States Magistrate Judge